UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARK BLACKMAN,

    Plaintiff,

v.                                    Case No. 3:17cv456-MCR-CJK

CLAY'S HAULING LLC, and
ROBERT CLAY, SR.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's Motion for Entry of Default Final Judgment (doc. 11) and Motion for Entitlement to and Award of Attorneys' Fees and Costs (docs. 12, 14). Defendant Clay's Hauling LLC did not respond in opposition. The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). Having fully reviewed the matter, the undersigned recommends that the motion for default judgment be granted and the motion for attorney's fees be granted in part.

## BACKGROUND

Plaintiff initiated this action on July 6, 2017, by filing a complaint alleging defendants Clay's Hauling LLC and Robert Clay, Sr., violated: (1) the Fair Labor

Standards Act ("FLSA") by failing to pay plaintiff overtime wages; (2) 26 U.S.C. § 7434 by filing false tax returns; and (3) Fla. Stat. § 404.205 by terminating plaintiff for making a workers' compensation claim. (Doc. 1). Defendants were served with the complaint on October 4, 2017. (Docs. 4, 5). After defendants failed to respond to the complaint within the time allotted by the Federal Rules of Civil Procedure, plaintiff moved for entry of default. (Docs. 6, 7). A clerk's default was entered against each defendant on January 16, 2018. (Docs. 8, 9). Plaintiff has now moved for entry of a default judgment against Clay's Hauling LLC as to the FLSA claim, and for an award of attorney's fees and costs. No response to either motion has been filed.

## DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a plaintiff obtains a clerk's default, he "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (*quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "The requisite factual showing for a default judgment is similar to the factual showing

necessary to survive a motion to dismiss for failure to state a claim." *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (*citing Surtain*, 789 F.3d at 1245).

The FLSA provides in pertinent part that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "The overtime provision of the FLSA, § 207(a), requires the plaintiff employee to prove that []he was either: (1) 'engaged in commerce or in the production of goods for commerce,' or (2) 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 881 (11th Cir. 2008) (*citing* 29 U.S.C. § 207(a)(1)).

"Any employer who violates the provisions of . . . section 207 . . . shall be liable to the employee . . . affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *see also Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) ("Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages."). However, "if the employer shows to the satisfaction of the court that the act or

Case 3:17-cv-00456-MCR-HTC   Document 15   Filed 02/20/19   Page 4 of 8

Page 4 of 8

omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of [the FLSA]." 29 U.S.C. § 260.

By its default, defendant Clay's Hauling LLC has admitted the complaint's well-pleaded allegations. *See Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ."). The complaint alleges: (1) Clay's Hauling LLC was plaintiff's employer for FLSA purposes and engaged in interstate commerce with annual revenues exceeding $500,000; (2) plaintiff was a non-exempt employee[*] who worked as a dump truck driver for Clay's Hauling LLC from April 2015 to December 2015; and (3) plaintiff regularly worked in excess of 40 hours per week but was not paid the overtime rate. These allegations establish Clay's Hauling LLC violated the FLSA.

Plaintiff seeks $30,600 in damages, composed of $15,300 of unpaid overtime wages and an equal amount of liquidated damages. To support this amount, plaintiff presented his own declaration. (Doc. 11-1). The declaration indicates: (1) plaintiff worked as a dump truck driver for Clay's Hauling LLC from approximately April

---

[*] The FLSA "generally requires employers to pay minimum wages and overtime compensation to their employees, but some employees are exempt from its coverage." *Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1266 (11th Cir. 2016).

Case No. 3:17cv456-MCR-CJK

12, 2015 to December 12, 2015; (2) when hired, plaintiff was told he would work 8 hours a day for $120 of pay; (3) plaintiff "was required to work 10 hours a day, sometimes longer, six days a week, for a total of approximately 60 hours a week"; (4) plaintiff was not paid any overtime; (5) plaintiff "worked approximately 34 weeks where [he is] owed overtime pay"; (6) "[b]ecause [he] was paid $120.00 a day with an expectation of an 8 hour work day, [his] hourly rate was $15.00 an hour, with an overtime rate of $22.50 an hour"; and (7) plaintiff "should have been paid 20 hours of overtime a week and [is] owed $450.00 (20 hours x $22.50) for each week that [he] worked for the Defendant Clay's Hauling, LLC where [he] was not paid overtime, *to wit*: 34 weeks."  This evidence is sufficient to demonstrate plaintiff's immediate entitlement to the requested damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (noting a hearing on a motion for default judgment is not needed "when the district court already has a wealth of evidence . . . , such that any additional evidence would be truly unnecessary to a fully informed determination of damages."); *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375-76 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the

amount and extent of that work as a matter of just and reasonable inference.") (*quoting Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).

In addition, "the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith." *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). Because Clay's Hauling LLC has not defended this action or responded to the motion for default judgment, it has not shown its violation of the FLSA was in good faith. *See id.* ("[L]iquidated damages are mandatory absent a showing of good faith.") (citation omitted). An award of $15,300 in liquidated damages, therefore, is also appropriate.

As the prevailing party under the FLSA, plaintiff is entitled to a reasonable attorney's fee and costs. The FLSA mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Plaintiff has provided his attorney's affidavit of the hours expended and rates sought (8.4 attorney hours billed at $350 per hour for Mr. Talbott's work, 5.0 attorney hours billed at $200 per hour for Mr. Stallings' work, and 0.3 paralegal hours billed at $90 per hour for Ms. Freeman's work = $3,967), together with the itemized billing, plus the costs purportedly incurred ($732.28). (Docs. 12, 14). He has also provided the affidavit of another attorney, John C. Davis, attesting that the rates requested for Talbott, Stallings, and Freeman are in line with the prevailing market rates for the work performed. *See* N.D. Fla. Loc. R. 54.1(E).

The itemized billing records, however, do not support the award of any fees for work performed by Mr. Stallings or Ms. Freeman, as they are not identified as having performed any of the work listed. (Doc. 14, p. 6-8). The court, therefore, should limit the attorney's fee awarded to $2,940, which represents the 8.4 hours of work performed by Mr. Talbott at a reasonable rate of $350 per hour. With respect to costs, plaintiff seeks $732.28. The records presented and identifying the costs (filing fee, postage, and service fees), however, support an award of $485.96. (Doc. 14, p. 8-9).

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's Motion for Entry of Default Final Judgment (doc. 11) be GRANTED and plaintiff's Motion for Entitlement to and Award of Attorneys' Fees and Costs (docs. 12, 14) be GRANTED IN PART. That the clerk be directed to

enter a default final judgment as to the FLSA claim in favor of plaintiff and against Clay's Hauling LLC in the amount of $30,600, plus an award of reasonable attorney's fees and costs in plaintiff's favor in the amount of $3,425.96 (representing $2,940 in attorney's fees and $485.96 as costs).

At Pensacola, Florida, this 20th day of February, 2019.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.