UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARK BLACKMAN,

    Plaintiff,

v.                                                         Case No. 3:17cv456-MCR-HTC

CLAY'S HAULING LLC, and
ROBERT CLAY, SR.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Reconsideration and Extension of Deadline. ECF Doc. 23. Plaintiff initiated this action on July 6, 2017, by filing a complaint alleging Defendants Clay's Hauling, LLC, and Robert Clay, Sr., violated: (1) the Fair Labor Standards Act ("FLSA") by failing to pay plaintiff overtime wages; (2) 26 U.S.C. § 7434 by filing false tax returns; and (3) Fla. Stat. § 404.205 by terminating plaintiff for making a workers' compensation claim. ECF Doc. 1. On March 25, 2019, the Court entered a default judgment against Clay's Hauling, LLC, as to the FLSA claim. ECF Docs. 17, 18.

Because Plaintiff had not expressed an intent to pursue any of the remaining claims against Defendants Clay's Hauling, LLC, and Robert Clay, Sr., the undersigned ordered Plaintiff to show cause within fourteen (14) days why those

claims should not be recommended for dismissal without prejudice. ECF Doc. 19. In response, Plaintiff filed a Notice of Voluntary Dismissal. ECF Doc. 20. Through the Notice, Plaintiff sought to voluntarily dismiss with prejudice Counts 2 and 3 of the complaint against the Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Rule 41(a)(1)(A)(ii), however, provides that a plaintiff may only voluntarily dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." Because the individual *pro se* Defendant, Robert Clay, Sr., filed an answer to the complaint (ECF Doc. 10), Plaintiff could not dismiss Counts 2 and 3 without a court order.[1] In addition, the Notice of Voluntary Dismissal did not address Count 1 of the complaint, which was brought against Robert Clay, Sr, in addition to Clay's Hauling, LLC. *See Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.") (internal quotation marks and citation omitted).

Based on Plaintiff's Notice of Voluntary Dismissal (ECF Doc. 20) and his failure to explain why Count 1 should not be dismissed against Defendant Robert

---

[1] Similarly, under Rule 41(a)(1)(A)(i), Defendant Robert Clay, Sr.'s answer prevented Plaintiff from dismissing Count 2 and 3 without a court order. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment").

Case No. 3:17cv456-MCR-HTC

Clay, Sr, the undersigned entered a report recommending that Counts 2 and 3 be dismissed against both Defendants with prejudice and Count 1 be dismissed against Defendant Robert Clay, Sr., without prejudice.[2]  ECF Doc. 21; *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

Plaintiff subsequently moved for reconsideration and an extension of the deadline to respond to the April 9, 2019, Order to Show Cause (ECF Doc. 19).  ECF Doc. 23.  Plaintiff asserts he failed to address Count 1 of the complaint in response to the Order to Show Cause because he interpreted it as only applying to Counts 2 and 3.  Based on Plaintiff's representations, his Motion for Reconsideration and Extension of Deadline will be granted.

Accordingly, it is ORDERED:

1. Plaintiff's Motion for Reconsideration and Extension of Deadline (ECF Doc. 23) is GRANTED.

2. The undersigned's April 24, 2019, "Order" (ECF Doc. 21) is VACATED.

---

[2] The April 24, 2019, Report and Recommendation was incorrectly titled and docketed as an Order.

Case No. 3:17cv456-MCR-HTC

3. Plaintiff shall have **fourteen (14) days** from the date of this order to show cause why Count 1 of the complaint should not be dismissed against Defendant Robert Clay, Sr.

And it is respectfully RECOMMENDED:

1. That Counts 2 and 3 of the complaint be DISMISSED WITH PREJUDICE against Defendants Clay's Hauling, LLC, and Robert Clay, Sr.

At Pensacola, Florida, this 29th day of April, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.