UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARK BLACKMAN,

    Plaintiff,

v.                                        Case No. 3:17cv456-MCR-HTC

CLAY'S HAULING LLC, and
ROBERT CLAY, SR.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Robert Clay, Sr.'s, ("Clay") Motion to Dismiss Claims (ECF Doc. 66) and two (2) documents titled Motion to File Claim (ECF Docs. 67, 68). After reviewing Clay's motions and the relevant law, the undersigned recommends that the motions be summarily DENIED.

I.    Background

Plaintiff Mark Blackman initiated this action on July 6, 2017, by filing a complaint alleging Defendants Clay's Hauling, LLC ("Clay's Hauling"), and Clay violated: (1) the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiff overtime wages; (2) 26 U.S.C. § 7434 by filing false tax returns; and (3) Fla. Stat. § 404.205 by terminating Plaintiff for making a workers' compensation claim. ECF

Doc. 1. Each Defendant was served with a summons and the complaint on October 4, 2017. ECF Docs. 4, 5.

After Defendants failed to respond to the complaint within the time allotted by the Federal Rules of Civil Procedure, Plaintiff moved for entry of default. ECF Docs. 6, 7. A clerk's default was entered against each Defendant on January 16, 2018. ECF Docs. 8, 9. On January 18, 2018, the individual Defendant, Clay, filed an untimely *pro se* answer to the complaint. ECF Doc. 10.

On March 25, 2019, the Court, upon Plaintiff's motion, entered a default judgment against Clay's Hauling on the FLSA claim, in the amount of $30,600, plus an award of reasonable attorney's fees and costs in the amount of $3,425.96. ECF Docs. 17, 18. Based on the filing of a notice of voluntary dismissal by Plaintiff, the Court dismissed Counts II and III of the complaint with prejudice against both Defendants (ECF Docs. 24, 41), which leaves the FLSA claim against Clay as the only claim not dismissed or reduced to judgment. The Court subsequently set aside the clerk's default against Clay (ECF Doc. 60)—making his January 18, 2018 answer the operative response to the complaint—and issued an Initial Scheduling Order (ECF Doc. 61).

II.     Legal Analysis

Clay has filed a Motion to Dismiss in which he seeks to introduce "evidence to support the dismissal of all claims against [himself], and company Clay's

Hauling."[1]  ECF Doc. 66 at 1.  Clay argues he has evidence (ECF Doc. 66 at 7-17, 53-77; ECF Doc. 67 at 4-9; ECF Doc. 68 at 4-12) which shows Plaintiff is not owed overtime pay, Clay's Hauling did not engage in interstate commerce and Plaintiff did not begin work for Clay's Hauling on the date alleged.[2]  ECF Doc. 66 at 3.  Clay has attached 70 pages of documents, which include excerpts from Blackman's deposition in an unrelated case, unauthenticated documents related to Blackman's employment with Clay and an order from Judge Vinson in an unrelated case also involving Blackman's counsel.  ECF Doc. 66 at 7-77.  The two documents titled "Motion to File Claim," appear to be unverified affidavits from Clay, containing accusations of wrongdoing against Blackman's counsel, including that counsel filed this action frivolously.  ECF Docs. 67, 68.  Attached to the motions are additional documents relating to Blackman.

Clay's arguments, and the introduction of evidence for the Court's consideration, are more appropriately made on a motion for summary judgment after discovery has concluded.[3]  The Court is confined to the four corners of the complaint

---

[1] Clay also argues Plaintiff's counsel brought this FLSA claim without conducting a proper investigation and has made unnecessary and duplicative discovery requests for the purpose of generating attorney's fees.  ECF Doc. 66 at 1, 5.  While this argument could potentially be the basis of a motion for sanctions, it does not support a request for dismissal.

[2] Clay's motions also make arguments regarding Counts II and III of Plaintiff's complaint.  However, Counts II and III have been dismissed and are no longer at issue.

[3] Under Fed. R. Civ. P. 12(d), the Court is permitted to convert a motion under Fed. R. Civ. P. 12(b)(6) or (c) that presents matters outside the pleadings into a motion for summary judgment under Fed. R. Civ. P. 56.  The undersigned does not recommend doing so at this time given the current procedural posture of this case.

when determining a motion to dismiss. *See Pouyeh v. Bascom Palmer Eye Inst.*, 613 F. App'x 802, 808 (11th Cir. 2015). Moreover, to the extent Clay's motions seek judgment on the pleadings without consideration of the evidence, the motions should be denied because, as the Court previously found (ECF Doc. 15 at 2-4; ECF Doc. 17), Plaintiff's complaint (ECF Doc. 1) states a claim under the FLSA.

Clay's Motion to Dismiss Claims also attempts to set aside the default judgment entered against Clay's Hauling. ECF Doc. 66 at 1-2, 5. Although Clay can represent himself pursuant 28 U.S.C. § 1654, he <u>cannot</u> represent Clay's Hauling in federal court and cannot move for relief on the company's behalf; only an attorney representing Clay's Hauling may move to set aside the default judgment. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("[A] corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel.") (citations omitted).

Accordingly, it is RECOMMENDED:

That Defendant Clay's Motion to Dismiss Claims (ECF Doc. 66), Motion to File Claim (ECF Doc. 67) and Motion to File Claim (ECF Doc 68) be DENIED.

At Pensacola, Florida, this 26th day of July, 2019.

                       */s/ Hope Thai Cannon*
                       **HOPE THAI CANNON**
                       **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.